**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JOSEPH LEVELL FAIRCHILD**                                                  **PLAINTIFF**
**ADC #183021**

**v.**                                        **No. 4:24-cv-00465-LPR-JTK**

**STATE OF ARKANSAS,** *et al.*                                              **DEFENDANTS**

<u>**ORDER**</u>

The Court has received two Partial Recommended Dispositions (PRDs) from United States Magistrate Judge Jerome T. Kearney (Docs. 9 and 21). No objections have been filed, and the time for doing so has expired. After a *de novo* review of both PRDs, along with careful consideration of the entire case record, the Court approves and adopts the first PRD (Doc. 9) as this Court's findings and conclusions in all respects. The Court also approves and adopts the second PRD's resolution of the flooding-related claims (Doc. 21) as this Court's findings and conclusions in all respects. Respectfully, however, the Court disagrees with the remainder of the second PRD for the reasons discussed below. In short, the Court concludes that, *as currently pled*, the Amended Complaint fails to state a cause of action. So, the Court will grant the Motion to Dismiss, but it will also provide Plaintiff an opportunity to further amend his complaint.

The second PRD (Doc. 21) addresses Plaintiff's individual-capacity conditions-of-confinement claims against Warden Musselwhite, Deputy Warden Pierce, and Deputy Warden Young. As relevant here, the Court reads the Amended Complaint to allege that North Wing Cell 17 (as well as other cells "in "the east building portion of the unit") lacks an inside-the-cell fire alarm and sprinkler system.[1] The Amended Complaint also alleges that North

---

[1] Am. Compl. (Doc. 7) at 4.

Wing Cell 17 (uniquely, it appears) "has a malfunctioned door, which [requires] far too much strength to open."[2]  And the Amended Complaint alleges that each Defendant knew of these three issues because Plaintiff "exhausted [his] remedies via grievances."[3]

The deficiencies with this Amended Complaint are numerous.  For example, Plaintiff does not allege whether he resides in Cell 17 or in any of the cells of which he complains.  Plaintiff does not allege whether he ever resided in Cell 17 or in any of the cells of which he complains.  Plaintiff does not allege whether he resided in Cell 17 or the other relevant cells for one day, one week, one month, one year, or some other quantum of time.  Without any such allegations, it is impossible to connect the allegations made in the Amended Complaint to an injury (or even potential injury) to Plaintiff.  For a second example, Plaintiff's assertion that he "exhausted [his] remedies via grievances" is a legal conclusion, not a properly alleged fact.  Plaintiff does not allege what he specifically said in those grievances.  Plaintiff does not allege when he filed those grievances.[4]  And Plaintiff does not allege that Musselwhite, Pierce, and Young saw whatever grievance or grievances Plaintiff filed.

The Court is sympathetic to the PRD's use of the liberal-construction and reasonable-inferences doctrines to, essentially, stitch together a valid conditions-of-confinement claim for a *pro se* plaintiff.  But the Court believes the PRD puts more weight on those doctrines than they can bear.  This bare-bones Amended Complaint does not allege enough facts to make out a viable conditions-of-confinement claim.  So, dismissal of the Amended Complaint is the proper result.

---

[2] *Id*.

[3] *Id*. at 4–5.

[4] The allegation regarding the grievances appears for the first time in the Amended Complaint, which was filed about a month after the original complaint.

But all is not lost for Plaintiff. It seems at least possible that Plaintiff can file a Second Amended Complaint that provides additional facts and thus fixes the deficiencies identified above. Given Plaintiff's *pro se* status and Rule 15's liberal amendment standards, the right thing to do here is grant Plaintiff leave to file a Second Amended Complaint within 60 days of the date of this Order. If Plaintiff does not file a Second Amended Complaint, the Court will enter a final judgment of dismissal. If Plaintiff does file a Second Amended Complaint, Plaintiff should include all relevant factual allegations (and legal causes of action) in that Second Amended Complaint— because the Amended Complaint will supersede and replace all prior versions of the Complaint.[5] Additionally, if Plaintiff does file a Second Amended Complaint, Defendants may file a new Motion to Dismiss in response.[6]

Accordingly, IT IS HEREBY ORDERED that:

1.      All of Plaintiff's official-capacity claims, and any claims against the State of Arkansas, are DISMISSED without prejudice for failure to state a claim upon which relief may be granted. The Clerk is directed to TERMINATE the State of Arkansas as a party to this action.

2.      Defendants' Motion to Dismiss (Doc. 15) is GRANTED. All of Plaintiff's individual-capacity conditions-of-confinement claims are DISMISSED without prejudice. But Plaintiff is granted leave to file a Second Amended Complaint so long as it is filed within 60 days of today's Order.

3.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

---

[5] Plaintiff should understand that, if he chooses to, he may attach the relevant grievances he (allegedly) filed and the responses thereto as Exhibits to his Second Amended Complaint

[6] If Defendants renew their qualified immunity argument with respect to the "clearly established law" prong of that test, further development of the issue (in briefing) would be of great assistance to the Court.

DATED this 29th day of January 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE